THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMERICAN GUARD SERVICES, INC., | CASE NO. C18-0603-JCC |
| Plaintiff, | ORDER |
| v. | |
| TERMINAL SECURITY SOLUTIONS, INC., *et al.*, | |
| Defendants. | |

This matter comes before the Court on Defendants' motion for leave to file a second amended answer and counterclaim (Dkt. No. 45). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion as moot for the reasons explained herein.

## I. DISCUSSION

Plaintiff American Guard Services and Defendant Terminal Security Solutions ("TSS") are competing security guard companies who both provide guard services to cruise ship terminals in the Port of Seattle. (Dkt. No. 1 at 5–6.) This dispute arises from the decision of Cruise Ship Terminals of America, operator of Terminal 91 in the Port of Seattle, to award Defendant TSS the contract to provide security services for the 2018 cruise ship season, despite having awarded the 2017 contract to Plaintiff. (*Id.*) In its complaint, filed in April 2018, Plaintiff

alleges that this decision was due to Defendant TSS's hiring of Defendants Tor Wallen and Wayne Pack. (*See* Dkt. No. 1 at 6–8.) Plaintiff alleges that Defendants Wallen and Pack, its former employees, violated their employment contracts with Plaintiff when they were hired by Defendant TSS. (Dkt. No. 1 at 7.) Plaintiff further alleges that Defendants solicited the 2018 contract by using confidential information obtained by Defendants Wallen and Pack during their employment by Plaintiff. (Dkt. No. 1 at 6–7.)

Defendants now allege that Plaintiff's *de facto* owner is Ousama Karawia (also known as Sam Wafaa), a convicted felon, after becoming aware of a 2017 Maine lawsuit and a 2018 California lawsuit in which Plaintiff and Karawia are defendants. (Dkt. No. 42 at 1–5.) Defendants seek leave to amend their answer to include an affirmative defense of illegality of contract, based on their allegation that Karawia is a convicted felon and the true owner of Plaintiff. (Dkt. No. 45 at 1–2.)

Prior to Defendants' motion to amend their answer, they moved to compel production of the identity of witnesses and for sanctions related to factual allegations in the complaint concerning a former Defendant who had been dismissed. (Dkt. No. 33.) The Court denied the motion and ordered Plaintiff to file an amended complaint which removed the claims against the former Defendant and the factual allegations underlying them. (Dkt. No. 47.) Plaintiff filed an amended complaint on February 14, 2019 (Dkt. No. 57), three weeks after Defendants filed the instant motion for leave to amend. (*See* Dkt. No. 48.)

Thus, Defendants' motion for leave to file a second amended answer is moot; Defendants are required to file an answer to Plaintiff's amended complaint (Dkt. No. 57) as a matter of course. *See* Fed. R. Civ. P. 15(a)(3) ("Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later."). Defendants may file an amended answer including any new affirmative defenses that they wish.

Defendants have also filed a motion to compel and for sanctions relating to the issue of

Karawia's ownership interest in Plaintiff. (Dkt. No. 42.) Defendants' notice of deposition, served on December 18, 2018 (Dkt. No. 44 at 2), included this topic:

> **Topic 23:** AGS's and its affiliates' relationship with Ousama Karawia (aka Sam Karawia aka Sam Wafaa) including his involvement with operations, any compensation paid to him, and how his role affects any designation as a women-owned business entity.

(Dkt. No. 44-1 at 67.) Plaintiffs produced Douglas S. Snow for deposition (*id.* at 75), who, when asked "[w]hat role did Sam Karawia have with AGS in June 20 of 2017," testified that he did not "know what role Sam plays." (*Id.* at 78.) Defendants subsequently requested that Plaintiff produce "a 30(b)(6) witness for the Karawia topics," which Plaintiff stated that it was "not amenable to." (*Id.* at 81.) Plaintiff failed to move for a protective order on this topic, and Defendants subsequently filed the motion to compel discovery. (Dkt. No. 42.) As Defendants are required to respond to Plaintiff's amended complaint, Defendants' motion to compel and for sanctions will be re-noted to the day that this order is issued.

## II. CONCLUSION

For the foregoing reasons, Defendants' motion for leave to file a second amended answer (Dkt. No. 45) is DENIED as moot. The Clerk is hereby DIRECTED to RENOTE Defendants' pending motion to compel and for sanctions (Dkt. No. 42) to February 28, 2019.

DATED this 28th day of February 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C18-0603-JCC
PAGE - 3