UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARTIN DIAZ-AMEZCUA, | CASE NO. C19-0001-BJR-MAT |
| *Petitioner*, | |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION AND AND DENYING MOTION TO DISMISS |
| WILLIAM BARR, et al., | |
| *Respondents.* | |

## I. INTRODUCTION

Petitioner Martin Diaz-Amezcua ("Petitioner") is a native and citizen of Mexico who is subject to a final order of removal. He brings this 28 U.S.C. § 2241 habeas action to obtain a judicial stay of removal pending the Board of Immigration Appeals' ("BIA") adjudication of his motion to reopen his removal proceedings.

This matter comes before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Mary Alice Theiler regarding the Motion to Dismiss filed by Respondent William Barr ("Respondent"). That motion seeks dismissal on the grounds that this Court lacks subject matter jurisdiction over the "Emergency Petition for Writ of Habeas Corpus" filed by Petitioner. After careful consideration of the R&R, which recommends denying the Motion to Dismiss, the objections thereto, the relevant legal authority, and the record of the case, the Court finds and rules as follows:

## II. BACKGROUND

The Court adopts in its entirety the section "II. Background" of the R&R, which is both thorough, and undisputed by either party in this case. *See* R&R, pp. 2-4. Briefly summarized, Petitioner is a 29-year-old Mexican citizen living in the United States, who is subject to a final order of removal, having entered the U.S. without being admitted or paroled after inspection by an immigration officer. After years of proceedings regarding his removal, including before Immigration Judges ("IJ"), the Board of Immigration Appeals ("BIA"), and the Ninth Circuit, Petitioner was ultimately detained in December 2018, and scheduled for deportation on or about January 2, 2019. Petitioner's instant habeas petition seeks stay of his removal pending a ruling by the BIA on his recently filed motion to reopen removal proceedings, which would enable him to seek asylum. That motion to reopen is based upon alleged changed country conditions in Mexico, which Petitioner claims put him in fear for his safety. More specifically, Petitioner has alleged that in June 2018, his cousin was shot as part of an ongoing gang feud involving his extended family, and that he, Petitioner, would be a target in that feud if returned to Mexico. On January 2, 2019, the Court granted an emergency temporary stay of removal to allow briefing on whether Petitioner is entitled to a stay of removal pending the BIA ruling on his motion to reopen.

## III. DISCUSSION

*A. Standard of Review*

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. *See* Fed. R. Civ. P. 72(b). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court reviews *de novo* those portions of the report and recommendation

to which specific written objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

B. *The Plain Meaning of 8 U.S.C. §1252 Deprives This Court of Jurisdiction Over Habeas Claims "Arising From" the Execution of Removal Orders*

Respondent seeks dismissal of the petition for lack of jurisdiction, citing 8 U.S.C. § 1252(g). That section provides:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any [noncitizen] arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any [noncitizen] under this chapter.

The Court concludes, in concurrence with the R&R, that the plain meaning of 8 U.S.C. § 1252(g) would deprive the Court of jurisdiction to stay Petitioner's removal pending resolution of his motion to reopen. Although the Ninth Circuit has not addressed this issue under the exact circumstances presented here, this interpretation is supported by the weight of authority in other circuits, as well as by district courts in the Ninth Circuit, as outlined in the Report and Recommendation. *See* R&R at 5-8, citing, *inter alia, Hamama v. Adducci*, 912 F.3d 869, 874 (6th Cir. 2018); *Sharif v. Ashcroft*, 280 F.3d 786, 787 (7th Cir. 2002); *Rodriguez-Henriquez v. Asher*, No. 14-1719, 2015 WL 778115, at *4 (W.D. Wash. Feb. 24, 2015). This conclusion also comports with an order filed in this district, regarding a previous habeas petition filed by Petitioner in *Diaz-Amezcua v. Johnson*, No. C14-1313-MJP[1] ("Petitioner's request to stay his removal arises from the decision or action by the Attorney General to execute his removal order, and this Court

---

[1] U.S. District Court Judge Marsha Pechman subsequently dismissed Petitioner's petition under 8 U.S.C. §1252(g). That case is distinguishable from the instant case in that, as discussed *infra*, Petitioner here has argued and alleged facts supporting a conclusion that he would not be able to pursue an alternative remedy to his habeas petition if he were removed to Mexico.

3

therefore is without jurisdiction to hear such a claim."). Here, Petitioner is again asking this Court to stay the order of removal pending resolution of his motion to reopen removal proceedings, filed with the BIA. The plain meaning of the phrase "arising from the decision or action by the Attorney General to . . . execute removal orders" in 8 U.S.C. § 1252(g) supports the conclusion that Congress has stripped the district court of jurisdiction over the habeas petition in this case. Neither party has filed an objection to this conclusion in the R&R, which the Court hereby adopts.

C. *Section 1252(g) as Applied in This Case Violates the Suspension Clause*

Nevertheless, for the reasons outlined in the R&R and recounted below, the Court concludes that Section 1252(g) as applied to the facts of this case, as they are currently known, violates the Suspension Clause of the U.S. Constitution. That clause provides "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. I, § 9, cl. 2.

The Ninth Circuit has recently outlined the two-step process used to determine whether revocation of habeas jurisdiction violates the Suspension Clause. *See Thuraissigiam v. U.S. Dep't of Homeland Sec.*, 917 F.3d 1097, 1106-07 (9th Cir. 2019). First, this Court must evaluate whether the Suspension Clause applies to the Petitioner. Second, if the Suspension Clause does apply, the Court should "consider[] whether Congress had suspended the writ without an adequate substitute." *Id.* at 1107. If no alternative remedy is available, the Suspension Clause is implicated.

1. The Suspension Clause Applies to Petitioner

Under the first step of the framework for determining whether the revocation of habeas jurisdiction violates the Suspension Clause, the Court concludes that habeas relief is available for a noncitizen, such as Petitioner, seeking a stay of removal pending adjudication of a motion to reopen, for the reasons outlined in the R&R at 9-12. In the absence of Ninth Circuit precedent on

4

point, the Court agrees that the dissenting opinion in the Sixth Circuit matter of *Hamama v. Adducci* provides a more accurate and persuasive view of the traditional role of habeas corpus. *See Hamama v. Adducci*, 912 F.3d 869, 882-83 (6th Cir. 2018), White, J., dissenting ("the history of the writ includes its application to challenge removal proceedings. . . . [F]or over a hundred years, courts have recognized that the executive act of removing an alien from the country involves the sort of restraint on personal liberty that can properly form the basis of a habeas petition."). While Petitioner is not seeking a release from custody, he *is* seeking a judicial check on the executive power to restrain his liberty—precisely the role habeas has historically played. *Id*.

The Court adds to the analysis the reasoning of the recent Second Circuit decision, *Ragbir v. Homan*, 923 F.3d 53, 76 (2d Cir. 2019). In that case, the court determined that the petitioner could avail himself of the writ to seek a stay of removal, despite the fact that the relief he sought was, as here, not technically a release from custody. Citing Supreme Court precedent, the Second Circuit rejected "interpretations of the habeas corpus statute that would suffocate the writ in stifling formalisms or hobble its effectiveness with the manacles of arcane and scholastic procedural requirements. ... That same theme has indelibly marked our construction of the ... custody requirement." 923 F.3d at 75, *quoting Hensley v. Mun. Court, San Jose Milpitas Judicial Dist.*, 411 U.S. 345, 350 (1973). The Second Circuit reasoned that habeas was available to the petitioner because "the removal order effects a present, substantial curtailment of [petitioner's] liberty." *Ragbir*, 923 F.3d at 75. *See also Thuraissigiam v. U.S. Dep't of Homeland Sec.*, 917 F.3d 1097, 1105–06 (9th Cir. 2019) ("the Suspension Clause is rooted in the Framers' first-hand experience that the common-law writ all too often had been insufficient to guard against the abuse of monarchial power. . . . [C]ommon law habeas corpus was, above all, an adaptable remedy ...

[whose] precise application and scope changed depending upon the circumstances."). The Court likewise rejects the "stifling formalism" of Respondent's position.

2. Petitioner Does Not Have an Adequate Alternative Avenue of Relief

Under the second step for determining whether the revocation of habeas jurisdiction violates the Suspension Clause, the Court finds that under the facts as alleged, Petitioner does not have an adequate alternative to habeas. Here, Petitioner has asserted—with supporting documentation—that he will be unable to litigate this motion to reopen upon returning to his country due to the dangerous conditions he faces in Mexico. *See* R&R at 12-16. A number of district courts have recently concluded that under such conditions, administrative remedies do not provide a constitutionally adequate alternative to habeas. *See, e.g., Compere v. Nielsen,* 358 F. Supp. 3d 170, 173, 179 (D.N.H. 2019) (where petitioner would be unable to litigate a motion to reopen if removed, Section 1252(g) violates the Suspension Clause); *Sied v. Nielson*, No. 17-06785, 2018 WL 1142202, at *25 (N.D. Cal. Mar. 2, 2018) (pursuing a motion to reopen "is not a constitutionally adequate substitute process in the facts of this case, where the government can manipulate the process by deporting Mr. Sied before he can be heard, to a country where he may be tortured or killed.").

At this stage, the Respondent has not proffered to the Court evidence disputing Petitioner's claim that he would be unable to pursue his motion to reopen from Mexico. Petitioner has therefore met his initial burden of demonstrating this Court has jurisdiction.

The Court emphasizes that it is concluding that Section 2252(g) violates the Suspension Clause only as that Section may be applied to Petitioner in this case at this stage of the proceedings; and further, that this conclusion is based on the Court taking as true Petitioner's facts as alleged and as undisputed. Further proceedings may demonstrate that an adequate alternative remedy to

habeas is in fact available to Petitioner. Until that time, however, the Court concludes that it has jurisdiction to review the merits of his petition.

## IV. CONCLUSION

For the forgoing reasons, the Court hereby ORDERS as follows:

1. The Court ADOPTS the Report and Recommendation;
2. The Government's motion to dismiss for lack of jurisdiction (Dkt. 4) is DENIED. The Court assumes jurisdiction over this matter under the Suspension Clause;
3. This matter is RE-REFERRED to Judge Theiler for further proceedings on the merits of petitioner's claims.
4. If petitioner disagrees with Judge Theiler's construction of his habeas petition as raising claims under the Due Process Clause and 8 U.S.C. § 1231(b)(3)(A), he shall file an amended habeas petition **within seven days** of the date of this Order; and
5. The Clerk is directed to send copies of this Order to the parties and to Judge Theiler.

DATED this 9th day of September, 2019.

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge

7